Cert dismissed by Supreme Court
order filed 12/20/01

PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 00-4599

DEMARCO ANTONIO MURPHY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-00-42-BO)

Argued: June 7, 2001

Decided: June 28, 2001

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

_____

Affirmed by published opinion. Judge Luttig wrote the opinion, in
which Judge Motz and Judge Gregory joined.

_____

## COUNSEL

**ARGUED:** Stephen Clayton Gordon, Assistant Federal Public
Defender, Raleigh, North Carolina, for Appellant. Thomas B. Mur-
phy, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public
Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie
Cole, United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

**OPINION**

LUTTIG, Circuit Judge:

Appellant Demarco Murphy ("Murphy") pled guilty to various offenses related to an armed carjacking. On appeal, Murphy challenges the two-level sentence enhancement imposed by the district court pursuant to U.S.S.G. § 3B1.4 for involving a juvenile in the commission of an offense. For the reasons set forth below, we affirm.

I.

On December 12, 1999, Murphy, Frederick Bell ("Bell"), and a fifteen-year-old male ("the juvenile") drove to a gas station in Dunn, North Carolina. At the gas station, Murphy pointed a semi-automatic pistol at the driver of another car, Kelly Riddle ("Riddle"), and ordered Riddle to move from the driver's seat to the passenger side. Murphy then told the juvenile to get into the back seat of Riddle's car. J.A. 41-42, 80.

Holding Riddle at gunpoint, Murphy drove Riddle's car from the gas station, with Bell following separately in his own vehicle. A high-speed police chase ensued, during which Murphy instructed the juvenile to keep the gun pointed at Riddle. J.A. 43, 80. Murphy and the juvenile exchanged the gun back and forth several times, until Murphy dropped the gun on the floor of the car and was unable to retrieve it. Murphy then stopped the car on a dirt road and ran into the nearby woods. The juvenile was apprehended immediately, and Murphy and Bell were arrested several weeks later.

Murphy pled guilty to conspiracy, aiding and abetting, and a substantive count of armed carjacking, in violation of 18 U.S.C. §§ 371 and 2119, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). At Murphy's sentencing hearing, the district court increased his base offense level by two levels pursuant to U.S.S.G. § 3B1.4 for using a juvenile to commit the offenses. J.A. 53, 91. The court sentenced Murphy to a 60-month term of imprisonment for conspiracy, a concurrent 137-month term for the

2

substantive count of armed carjacking, and a consecutive 84-month term for brandishing a firearm, for a total term of imprisonment of 221 months. J.A. 62-63. Murphy appeals the district court's enhancement of his sentence under section 3B1.4.

II.

Murphy, who was 18 years old at the time of the carjacking, contends that the United States Sentencing Commission ("the Commission") exceeded its authority in promulgating section 3B1.4, as applied to defendants less than 21 years of age. We disagree.

Congress "has delegated to the Commission `significant discretion in formulating guidelines' for sentencing convicted federal offenders." United States v. LaBonte, 520 U.S. 751, 757 (1997) (internal citations omitted). Recognizing that the Commission "brings expertise to the implementation of its mandate," United States v. Kennedy, 32 F.3d 876, 889 (4th Cir. 1994), we must defer to the Commission's interpretation of a congressional directive as long as that interpretation is not "at odds with [the] plain language" of the directive, LaBonte, 520 U.S. at 757.

Here, Congress directed the Commission to:

> promulgate guidelines or amend existing guidelines to provide that a defendant 21 years of age or older who has been convicted of an offense shall receive an appropriate sentence enhancement if the defendant involved a minor in the commission of the offense.

Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 140008, 108 Stat. 2033 (emphasis added). The resulting guideline promulgated by the Commission comports with Congress' directive, since all defendants 21 years of age or older who use a minor to commit an offense receive a sentence enhancement:

> If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by two levels.

3

U.S.S.G. § 3B1.4 (emphasis added).

To be sure, the Commission additionally provided that individuals under age 21 would likewise receive the enhancement. However, absent language in Congress' directive limiting the enhancement only to defendants 21 years of age or older, section 3B1.4 is not at odds with the directive, and the Commission was within its discretion to broaden the category of defendants eligible for the sentence enhancement. See United States v. Ramsey, 237 F.3d 853, 857 (7th Cir. 2001) (upholding the validity of section 3B1.4 and explaining that "[a]s long as the Commission's guideline is not `at odds' with the congressional directive, it is within the commission's discretion to enlarge the category of defendants to whom an enhancement will apply").

We recognize that the Sixth Circuit held otherwise in United States v. Butler, 207 F.3d 839 (6th Cir. 2000), wherein the court concluded that the "Commission failed to comport with a clear Congressional directive when it eliminated the requirement that the defendant be at least twenty-one years old to be subject to enhancement under U.S.S.G. § 3B1.4." Id. at 849 (emphasis added). However, the Sixth Circuit failed to appreciate that because Congress did not direct that only defendants over age 21 receive the sentence enhancement, it actually did not require the Commission to limit the application of section 3B1.4 to defendants of a certain age. Congress simply required the Commission to ensure, as it did, that all defendants 21 years of age or older who involve a minor in the commission of an offense receive a sentence enhancement.

Accordingly, we join the Seventh Circuit in holding that section 3B1.4 is not at odds with Congress' directive, and that the Commission did not exceed its authority in promulgating the guideline. See Ramsey, 237 F.3d at 855-59.

III.

We also reject Murphy's argument that the district court's factual finding that he involved a juvenile in the commission of the carjacking was clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989) (stating that a district court's findings of fact in support of a sentence enhancement are reviewed for clear error).

4

According to the juvenile's account of the carjacking, as presented through the testimony of the police officer who interviewed him, Murphy repeatedly directed the juvenile to get into the back seat of Riddle's car, even though the juvenile was hesitant to do so. Further, Murphy also directed the juvenile to hold the gun on Riddle during the high-speed chase with police officers. J.A. 40-44. In light of this testimony, the district court did not err in enhancing Murphy's sentence under section 3B1.4.[1] See U.S.S.G. § 3B1.4, cmt. n.1 (explaining that "directing, commanding, encouraging, intimidating, . . . procuring, recruiting, or soliciting" constitute "using" a minor for purposes of the sentence enhancement).[2]

CONCLUSION

For the reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED

_____

[1] Nor are we persuaded by Murphy's argument that because the district court found that the government had not proven facts sufficient to support an enhancement for leading or organizing an offense, see U.S.S.G. § 3B1.1(c), the court was precluded from enhancing his sentence for involving a juvenile. See Ramsey, 237 F.3d at 860 ("[R]egardless of whether the minor is a partner or a subordinate, [section 3B1.4] will be applied where the defendant affirmatively involved the minor in the commission of the crime.").

[2] As Murphy concedes, our decision in United States v. Kinter, 235 F.3d 192 (4th Cir. 2000), forecloses his claim that Apprendi v. New Jersey, 530 U.S. 466 (2000), requires that the facts relevant to his sentence enhancement under section 3B1.4 be charged in the indictment and proven beyond a reasonable doubt. See Kinter, 235 F.3d at 202 ("Because the sentencing enhancements at issue . . . did not extend [the defendant's] sentence beyond the maximums prescribed for his offenses by the substantive provisions of the United States Code, the government was not required to submit to a jury and prove beyond a reasonable doubt the facts relevant to those enhancements.").

5