# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3324

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Robert Rae Ramirez, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: March 9, 2004
Filed: July 14, 2004

———————

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

———————

SMITH, Circuit Judge.

Robert Rae Ramirez pleaded guilty to one count of an indictment charging him with two counts of manufacturing methamphetamine. He was nineteen years old at the time of his arrest and had manufactured methamphetamine with the help of several minors. At sentencing, he received a two-level enhancement for using a minor in the offense. This brought his offense level to 31, with a criminal history category of I. The district court[1] sentenced Ramirez to ninety-three months' imprisonment and

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

four years supervised release. On appeal, Ramirez argues that because he was only nineteen years old at the time of sentencing he was not subject to an upward adjustment for his use of minors to commit a crime. We affirm.

## I.

Ramirez contends that the Sentencing Commission exceeded its authority in its decision to apply U.S.S.G. § 3B1.4 to those under the age of twenty-one. He relies on a concurring opinion in the Sixth Circuit's *United States v. Butler*, 207 F.3d 839 (6th Cir. 2000) decision to support his argument. In that case, a divided panel held that § 3B1.4 was invalid to the extent that it applied to criminals who committed their crimes when under the age of twenty-one. *Id.* at 849–52. However, the Fourth, Seventh, Eleventh, and Tenth Circuits have concluded otherwise. *United States v. Ramsey*, 237 F.3d 853, 855–58 (7th Cir. 2001); *United States v. McClain*, 252 F.3d 1279, 1287–88 (11th Cir. 2001);*United States v. Murphy,* 254 F.3d 511, 512–14 (4th Cir. 2001); *United States v. Kravchuk*, 335 F.3d 1147 (10th Cir. 2003).

We are presented with a clear circuit split and must decide whether in its passage of § 3B1.4–as applied to eighteen- and nineteen-year olds–the Sentencing Commission abused its discretion. At the outset, we note that "the Commission enjoys significant discretion in formulating Guidelines." *Mistretta v. United States*, 488 U.S. 361, 377 (1989). And our circuit in particular affords the Commission broad discretion within its legislatively delegated authority. "Given Congress's supervisory role, the Sentencing Commission's formulation of the Guidelines is not subject to judicial review unless the Commission oversteps constitutional bounds." *United States v. Vincent*, 167 F.3d 428, 431 (8th Cir. 1999) (citing *United States v. Hill,* 48 F.3d 228 (7th Cir. 1995) (When the Commission is "exercising this delegated power, the courts cannot interfere or second-guess unless the Commission oversteps constitutional bounds.").

Congress specifically directed the Commission to amend the Guidelines to provide for enhanced sentences for defendants who involve minors in the commission of their offenses. The Violent Crime Control and Law Enforcement Act of 1994, in pertinent part, provides:

> (a) Directive to the Sentencing Commission. (1) The United States Sentencing Commission shall promulgate guidelines or amend existing guidelines to provide that a defendant 21 years of age or older who has been convicted of an offense shall receive an appropriate sentence enhancement if the defendant involved a minor in the commission of the offense.

Pub. L. 103-322, § 140008, 108 Stat. 1796 (1994). In response to this directive, the Sentencing Commission promulgated U.S.S.G. § 3B1.4, which states:

> *Using a Minor to Commit a Crime*
> If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels.

The application commentary accompanying this Guideline states:

> This amendment implements the directive in Section 140008 of the Violent Crime Control and Law Enforcement Act of 1994 (pertaining to the use of a minor in the commission of an offense) in a slightly broader form by adding a new § 3B1.4 (Using a Minor to Commit a Crime).

U.S.S.G. App. C Amend. 527 (1995). Thus–as this commentary acknowledges–by eliminating the age restriction the Commission widened the scope of the Congressional directive in its enactment of § 3B1.4. The issue we face is whether the Commission's "slightly broader form" is compatible with its congressional directive.

The Sixth Circuit found that by eliminating the age restriction, § 3B1.4 "was a direct overruling of an explicit Congressional declaration." *Butler*, 207 F.3d at 850 (Jones, J., concurring). Because the Commission did not precisely follow the specific congressional directive, the court declined to apply the Guideline. *See id.* at 849–52. The government, in its submissions to the Sixth Circuit in *Butler*, contended that the removal of the age limitation was reasonable because the Commission simply "'implemented Congress's directive in a slightly broader fashion.'" *Butler*, 207 F.3d 839, 850 (Jones, J., concurring). The Sixth Circuit found this argument "feeble" and ultimately unpersuasive. *Id.* at 850–851. First, they found that "reflexively relying on the commission's characterization of its own amendment would abandon our judicial role 'in determining whether [the] [a]mendment accurately reflects Congress' intent.'" *Id.* at 850 (quoting *United States v. LaBonte*, 520 U.S. 751, 757 (1997)). Second, they found that "the limit was a core aspect of th[e] directive." *Id.* at 851.

We, however, take a differing view and adopt the reasoning expressed by the Fourth Circuit in *United States v. Murphy*, 254 F.3d 511 (2001). As noted by our sister circuit, the resulting Guideline promulgated by the Commission comports with Congress's directive, because all defendants twenty-one years of age or older who use a minor to commit an offense receive a sentence enhancement. *Id.* at 513. There is no language in Congress's directive limiting the enhancement *only* to those having attained the age of twenty-one. *Id.* Absent such a limiting mandate, § 3B1.4 "is not at odds with the directive, and the Commission was within its discretion to broaden the category of adult defendants eligible for the sentence enhancement." *Id*; *see also United States v. Ramsey,* 237 F.3d 853, 857 (7th Cir. 2001) (upholding the validity of § 3B1.4 and explaining that "[a]s long as the Commission's guideline is not 'at odds' with the congressional directive, it is within the commission's discretion to enlarge the category of defendants to whom an enhancement will apply" (quoting *LaBonte*, 520 U.S. at 757).

Additionally, as noted by the Seventh Circuit, after considering the relevance of age to this enhancement,[2] perhaps the Commission "concluded that a nineteen year old defendant exerts as much influence over the minors he recruits as does a twenty-one year old defendant, with the potential to cause an equal amount of harm. The two categories of defendants would thus deserve equal punishment." *Ramsey*, 237 F.3d at 857. Section 3B1.4 makes the offender's age irrelevant for sentencing purposes. In doing so, it avoids an inconsistency in sentencing between offenders sentenced for drug offenses under 21 U.S.C. § 861 and those charged with other drug offenses who receive enhanced sentences under § 2D1.2(a)(1) of the Guidelines.

It is our view that the Sentencing Commission did not exceed the scope of its delegated authority when it promulgated § 3B1.4 to include all defendants, regardless of age. Accordingly, we join the Fourth, Seventh, Tenth and Eleventh Circuits in holding that § 3B1.4 is not "at odds" with Congress's directive.[3]

Accordingly, we affirm the sentence imposed by the district court.

---

[2] As to this enhancement, Congress directed the Commission to consider the possible relevance of the proximity in age between the offender and the minor(s) involved in the offense. Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 140008(b)(4), 108 Stat. 1796 (1994).

[3] We note that on June 2, 2004, another Eighth Circuit panel handed down an opinion addressing this same issue. *See United States v. Wingate*, 369 F.3d 1028 (2004). Our conclusion in the current matter is consistent with the decision of the *Wingate* panel. When read together, the two opinions throughly address this court's position on the scope of the Sentencing Commission's delegated authority in relation to § 3B1.4.

HEANEY, Circuit Judge, concurring.

I believe the Sentencing Commission exceeded its authority by applying USSG § 3B1.4 to defendants less than twenty-one years of age because Congress directed that the enhancement should apply only to those twenty-one and over. As recognized by the Seventh Circuit, Congress considered and rejected a directive that would apply the enhancement to all defendants eighteen and over, instead settling on one that would apply only to those twenty-one and over. See United States v. Ramsey, 237 F.3d 853, 857-58 (7th Cir. 2001) (reviewing the legislative history of relevant portions of the Violent Crime Control and Law Enforcement Act of 1994). I recognize, however, that our court has recently decided that the Commission was within its authority to promulgate the enhancement as it is. See United States v. Wingate, No. 03-2242, 2004 WL 1197215 (8th Cir. June 2, 2004) (rejecting the argument of the eighteen year old defendant that USSG § 3B1.4 was inapplicable to him because he was under twenty-one). Unless this decision is reconsidered by the panel or our court en banc, we are bound by it. United States v. Hutman, 339 F.3d 773, 777 (8th Cir. 2003) (recognizing one panel of the circuit may not overrule another absent a change in the law). I thus reluctantly concur.

_____