**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4981**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMONT LEE MILLER, JR.,

Defendant - Appellant.

**No. 12-4982**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMONT LEE MILLER, JR.,

Defendant - Appellant.

Appeals from the United States District Court for the Southern
District of West Virginia, at Huntington. Robert C. Chambers,
Chief District Judge. (3:11-cr-00062-1; 3:11-cr-00192-1)

Submitted: May 30, 2013            Decided: June 18, 2013

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————————

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, William B. King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Lee Miller, Jr., was sentenced to 132-months' imprisonment after pleading guilty to two counts of receiving a firearm while under felony indictment, in violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D) (2006), and five counts of distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Miller initially pled guilty to the firearms charges pursuant to a plea agreement in exchange for the Government's promise to drop the drug charges. However, after Miller breached the plea agreement and thereby released the Government from its obligation, Miller pled guilty to the drug charges as well. He now appeals his guilty pleas and sentence, contending the district court erred in voiding his plea agreement, in allowing him to plead guilty to both the drug and firearms charges, and in applying several offense-level enhancements. We affirm.

I.

Miller first contends the district court erred in voiding the plea agreement. We review a claim that a party has breached a plea agreement under a bifurcated standard, reviewing the district court's factual findings for clear error and its application of contract interpretation principles de novo. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Under general contract interpretation principles, an injured party is

3

relieved of its obligations under an agreement upon a breach only if that breach is material. United States v. Scruggs, 356 F.3d 539, 543 (4th Cir. 2004). A material breach is one that deprives the injured party of the benefit that it reasonably expected to receive under the agreement. Id. In the context of a plea agreement, "[s]uch a breach relieves the government of its obligation to conform to the agreement's terms even when defendant has relied to his substantial detriment by, for example, entering his guilty plea." United States v. West, 2 F.3d 66, 69-70 (4th Cir. 1993).

The district court properly found that Miller materially breached his obligation under the plea agreement to cooperate with the Government, by failing to be forthright and truthful in a debriefing and in grand jury testimony. Moreover, despite Miller's contention to the contrary, the district court properly allowed Miller's guilty plea to the firearms charges to stand despite freeing the Government from its obligation to dismiss the drug charges. West, 2 F.3d at 69-70. As the district court indicated, voiding the guilty plea would have unjustly rewarded Miller for his breach and disrupted the sentencing process. United States v. Huang, 178 F.3d 184, 189 (3d Cir. 1999) ("defendant's breach of the plea agreement does not permit him to withdraw his guilty plea"); see also United States v. Bowe, 309 F.3d 234, 239 (4th Cir. 2002) ("Double

4

Jeopardy Clause cannot be applied to reward [defendant] with a type of punishment less severe than that provided for in his plea agreement when the less severe punishment was obtained only by his breach of his plea agreement."). We therefore conclude that the district court properly voided the plea agreement.

## II.

Miller next contends that the district court erred in combining his guilty plea to the information with his guilty plea to the indictment. To the extent Miller challenges the validity of his guilty pleas, his contention fails. Our review of the transcripts of the guilty plea hearings leads us to conclude that the district court complied with the requirements of Federal Rule of Criminal Procedure 11 in accepting Miller's pleas. The court ensured that both of Miller's guilty pleas were knowing, voluntary, and supported by a factual basis, and that Miller understood the rights he was relinquishing by pleading guilty and the sentence he faced. Moreover, the court's order voiding the plea agreement did not force Miller to plead guilty to both the firearms and drug charges. That Miller was not free to withdraw his guilty plea to the firearms charges does not mean that he entered the plea involuntarily. Likewise, the Government's ability to pursue the drug charges did not compel Miller to plead guilty. We therefore conclude that the district court properly accepted both of Miller's guilty pleas.

5

III.

Miller also contends that the district court erred in applying several offense-level enhancements at sentencing. In determining whether the district court properly applied the sentencing Guidelines, this court reviews its interpretation of the Guidelines de novo and its factual findings for clear error. United States v. Quinn, 359 F.3d 666, 679 (4th Cir. 2004).

A.

Miller contends that the district court erred in applying an enhancement pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(4) (2012) based on his possession of a firearm with an altered or obliterated serial number. Miller asserts that "there is insufficient evidence to prove that the said firearm that allegedly had an obliterated serial number was intentionally possessed by the Defendant with full knowledge of the fact." This contention is meritless. The Government presented ample evidence—including Miller's stipulation, an investigating agent's testimony, and a photograph of the firearm—that Miller possessed a firearm with an obliterated serial number, and the Guidelines specifically indicate that knowledge of the obliterated serial number is not required. USSG § 2K2.1(b)(4) cmt. n.8(B); see United States v. Brown, 514 F.3d 256, 269 (2d Cir. 2008) (enhancement for obliterated serial number is a strict liability enhancement). Accordingly, we

conclude that the district court properly applied the enhancement.

### B.

Miller next argues that the Government presented insufficient evidence to support an enhancement for use of a minor to commit an offense. USSG § 3B1.4. "'Used or attempted to use includes' directing, commanding, encouraging, intimidating, counseling, training, procuring, or soliciting." USSG § 3B1.4 cmt. n.1. The Government presented ample evidence, including Miller's factual stipulation and an investigating agent's testimony, that Miller used a person under eighteen to assist him by carrying and producing firearms for sale. United States v. Murphy, 254 F.3d 511, 513-14 (4th Cir. 2001). Accordingly, we conclude that the district court properly applied the enhancement.

### C.

Miller argues that the district court erred in imposing a four-level enhancement pursuant to USSG § 2K2.1(b)(5) based on its finding that he engaged in the trafficking of firearms. The enhancement applies if the defendant transferred two or more firearms to another individual, knowing or having reason to believe that the other individual intended to use or dispose of the firearms unlawfully. USSG § 2K2.1(b)(5) cmt. n.13(A). Miller contends that the Government failed to prove

7

that he knew or had reason to believe that the buyers intended to use or dispose of the firearms unlawfully. This contention fails. The Government presented sufficient evidence that Miller had reason to believe that his buyers would use or dispose of the firearms unlawfully, including that fact the buyers also purchased large quantities of crack cocaine from Miller, that the buyers indicated they were purchasing the guns to sell in other cities for a profit, the inflated prices paid by the buyers, and the clandestine nature of the transactions. In fact, Miller admitted that he had reason to suspect that the firearms would be disposed of unlawfully. Accordingly, we conclude that the district court properly applied the enhancement.

D.

Miller next contends that the Government presented insufficient evidence to support the conclusion that Miller was an organizer or manager of the offense and therefore the district court erred in imposing a two-level enhancement pursuant to USSG § 3B1.1. To merit the enhancement, the defendant must have exercised managerial responsibility over other persons, rather than over property, assets, or activities. USSG § 3B1.1 cmt. n.2. The Government presented evidence that Miller occupied a managerial role over multiple associates by directing them to complete menial tasks, such as carrying and

8

producing the firearms and driving, while Miller retained the authority to plan the transactions, negotiate prices, and collect the money. See United States v. Rashwan, 328 F.3d 160, 165-66 (4th Cir. 2003) ("Leadership over only one other participant is sufficient as long as there is some control exercised.") Accordingly, we conclude that the district court properly applied the enhancement.

E.

Finally, Miller asserts error in the imposition of a two-level enhancement for obstruction of justice. USSG § 3C1.1. The Government claims that Miller obstructed justice by providing false information and failing to cooperate during a debriefing and in testimony before a grand jury. Miller contends that his claim of full responsibility for and refusal to implicate others in his offenses did nothing to obstruct his own investigation or prosecution. However, this contention must fail.

As part of his plea agreement, Miller agreed to a stipulation of facts describing his offense and relevant conduct. However, during his debriefing and before the grand jury, Miller directly contradicted various details contained in the stipulation. Miller repeatedly lied about his associates' involvement, repeatedly claimed not to know or remember various details of his offense, and repeatedly attempted to "plead the

9

Fifth." Miller thereby attempted to obstruct justice with respect to his own investigation, prosecution, or sentencing, and Miller's actions related to his offense of conviction and relevant conduct. Accordingly, we conclude that the district court properly applied the enhancement.

We therefore affirm Miller's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED