**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5009**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

PEDRO GOMEZ-JIMENEZ,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:11-cr-00375-D-3)

Submitted: September 26, 2013      Decided: November 12, 2013

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Gomez-Jimenez ("Pedro") pled guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and aiding and abetting the possession with intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2013). The district court calculated Pedro's Guidelines range at 168 to 210 months' imprisonment, enhancing his base offense level for possession of a firearm and use of a minor, U.S. Sentencing Guidelines Manual ("USSG") §§ 2D1.1(b)(1), 3B1.4 (2009 & Supp. 2010), and sentenced Pedro to concurrent terms of 180 months' imprisonment. Pedro challenges this sentence on appeal. We affirm.

We review Pedro's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006)

2

factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51. If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51.

Pedro argues that the district court erred in enhancing his offense level under USSG § 2D1.1(b)(1). Under USSG § 2D1.1(b)(1), a two-level increase in a defendant's offense level is warranted "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted). "Rather, proof of constructive possession of the [firearm] is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." Manigan, 592 F.3d at 629. Further, we attribute weapons possessed by co-conspirators to a defendant when "under the circumstances of the case, it was fair to say that it was reasonably foreseeable

3

to defendant that his co-participant was in possession of a firearm." United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994) (internal quotation marks and alteration omitted). The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." Harris, 128 F.3d at 852-53.

We conclude after review of the parties' briefs and the record that Pedro has not met this burden. The district court's application of the two-level enhancement under USSG § 2D1.1(b)(1) is supported by statements adduced at the guilty plea hearing and in the presentence report supporting a finding that Pedro could foresee his co-defendant's constructive possession of three firearms in a residence where the participants in the conspiracy stored cocaine and marijuana, large amounts of United States currency, and paraphernalia used for transporting, storing, and measuring drugs and converting cocaine into cocaine base. At sentencing, Pedro did not point to any evidence suggesting that the connection between the firearms and his narcotics offenses was "clearly improbable," and this failing continues on appeal.

Next, Pedro challenges the district court's application of the two-level enhancement under USSG § 3B1.4 for use of a minor. This section of the Guidelines directs a district court to increase a defendant's offense level by two

levels if the defendant "used or attempted to use a person less than eighteen years of age to commit the offense." USSG § 3B1.4. "'Used or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." Id., cmt. n.1. The district court's application of the two-level enhancement under USSG § 3B1.4 is supported by information in both the presentence report and the Government's evidentiary proffer establishing that Pedro directed the sixteen-year-old son of a co-defendant to assist him in producing cocaine base. See United States v. Murphy, 254 F.3d 511, 513-14 (4th Cir. 2001) (affirming application of enhancement where defendant directed the minor to "hold [a] gun on" carjacking victim).[1]

Next, Pedro argues that the district court erred in denying his motion for a downward departure or variance from the Guidelines range based on law enforcement officials' allegedly improper use of force during his arrest. However, a district court's refusal to depart from the applicable Guidelines range does not provide a basis for appeal under 18 U.S.C. § 3742 (2006), "unless the court failed to understand its authority to

_____

[1] Pedro also argues that it was error for the district court to apply the § 3B1.4 enhancement based on the late date of the proffer, but he fails to explain why this is so or why the late date warrants vacatur of his sentence.

5

do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Pedro does not suggest that the district court misunderstood its authority to depart or vary downward from the Guidelines range. Accordingly, this claim is not reviewable.

Finally, Pedro argues that his 180-month sentence is substantively unreasonable. A within-Guidelines sentence is presumed on appeal to be substantively reasonable, United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010), and the presumption is rebutted only by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Pedro suggests that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing.[2] We reject this argument as it essentially asks this court to substitute its judgment for that of the district court and defer to that court's decision that a 180-month sentence achieved the purposes of sentencing in Pedro's case. United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts

---

[2] In support of his contention that his sentence is substantively unreasonable, Pedro also asserts it was error for the district court to enhance his sentence "concerning the use of a minor based on hearsay evidence" that the parties did not have an opportunity to "rebut or explain." Pedro, however, fails to explain how such an error would render his sentence substantively unreasonable.

6

have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."). Pedro fails to rebut the presumption that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Pedro.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED