**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellant,*

v.                                                    No. 02-4164

RIDDICK LAMONT BOWE, SR.,
         *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-117-MU)

September 24, 2002

Decided: October 30, 2002

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

Vacated and remanded for resentencing by published opinion. Judge
Niemeyer wrote the opinion, in which Judge Widener and Judge
Gregory joined.

## COUNSEL

**ARGUED:** Kenneth Davis Bell, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellant.
James Edward Neuman, MISCHEL, NEUMAN & HORN, P.C., New
York, New York, for Appellee. **ON BRIEF:** Robert J. Conrad, Jr.,
United States Attorney, Brian Lee Whisler, Assistant United States
Attorney, Charlotte, North Carolina, for Appellant. Joseph L. Led-

ford, Charlotte, North Carolina; Thomas S. Hicks, Wilmington, North Carolina, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

Pursuant to a plea agreement, Riddick Bowe pleaded guilty to a one-count indictment charging him with interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2). The plea agreement included Bowe's agreement to be sentenced under the Sentencing Guidelines at an offense level of 15 (providing a sentencing range of 18 to 24 months' imprisonment, plus 2 to 3 years' supervised release) and not to seek a downward departure. As a result of Bowe's breach of this agreement, the district court departed from the agreed-upon range and sentenced Bowe to four years' probation, including 30 days in a community confinement facility.

On appeal, we vacated the sentence and remanded for resentencing "within the applicable Sentencing Guideline range of 18 to 24 months," *United States v. Bowe*, 257 F.3d 336, 348 (4th Cir. 2001) ("*Bowe I*"), and on remand the district court sentenced Bowe to 18 months' imprisonment. In doing so, however, the court credited the time that Bowe had served on probation pending the appeal of *Bowe I* (roughly 18 months) against his term of imprisonment, concluding that the Double Jeopardy Clause required this result. The court effectively relieved Bowe of any obligation to serve a term of imprisonment.

On this second appeal, we again vacate the judgment of the district court and remand for resentencing within the range of 18 to 24 months' imprisonment and without any credit for the period served on probation. As we explain further, we conclude that the Double Jeopardy Clause cannot be applied to reward Bowe with a type of punishment less severe than that provided for in his plea agreement when the less severe punishment was obtained only by his breach of his plea agreement.

I

In the early morning of February 25, 1998, Bowe, the former heavyweight boxing champion, forced his estranged wife and their five children, through physical threats and intimidation, into a Lincoln Navigator in an attempt to take them against their will from North Carolina to Maryland. During the trip, Bowe slapped his wife and threatened her with a knife, stabbing her in the breast with sufficient force to penetrate a heavy jacket and draw blood. When Bowe and his family stopped at a restaurant off Interstate 85, Bowe's wife was able to ask two women in the restroom to call the police, and the police thereafter stopped the Navigator and arrested Bowe. Bowe was indicted for interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2).

Bowe's plea agreement provided not only for the level of his sentence but also his agreement that "no departures will be sought by either party and all arguments are limited to recommendations regarding a sentence within the applicable range of the U.S. Sentencing Guidelines." Contrary to this agreement, however, Bowe presented evidence at the sentencing hearing that he suffered from a diminished mental capacity, and, based on this evidence, the district court departed downward five offense levels, sentencing Bowe to four years' probation.

On the government's appeal, we held that Bowe breached his plea agreement by presenting evidence to obtain the downward departure based on diminished mental capacity. *Bowe I*, 257 F.3d at 346. In remanding the case to the district court, we instructed the court to "determine whether Bowe's guilty plea should be set aside, or whether he should be required to comply with his agreement not to seek or argue for a departure from the sentencing guidelines." *Id.* at 347-48. We also instructed that, "[i]f the district court concludes that the appropriate remedy in this matter is specific performance of the plea agreement, it is directed to impose a sentence that is within the applicable Sentencing Guideline range of 18 to 24 months [of imprisonment] for an adjusted offense level of 15, and not to depart based on evidence of diminished capacity." *Id.* at 348.

On remand, the district court sentenced Bowe to 18 months' imprisonment but then credited him with over 18 months that he

served on probation during the pendency of the government's appeal. Relying on *United States v. Lominac*, 144 F.3d 308 (4th Cir. 1998), and *United States v. Layman*, No. 97-4803, 1998 WL 709267 (4th Cir. Oct. 6, 1998) (per curiam) (unpublished), the district court concluded that the Double Jeopardy Clause compelled it to credit Bowe's service of probation against his 18-month sentence of imprisonment. From the district court's judgment, the government appealed.

## II

At the outset, we address Bowe's argument that we should dismiss the appeal on the ground that the government waived its right to appeal. Bowe contends that because the plea agreement contained an express waiver by him of his right to appeal, we must infer a reciprocal waiver by the government of its right to appeal. He relies on our decision in *United States v. Guevara*, 941 F.2d 1299 (4th Cir. 1991), in which we inferred a reciprocal waiver by the government because the government "implicitly cast its lot with the district court, as the defendant explicitly did." *Id.* at 1299-1300. But despite our holding in *Bowe I* that Bowe could not rely on an implied waiver when he had "materially breached the terms of the plea agreement," 257 F.3d at 342, Bowe argues again on this appeal that his agreement to waive the right to appeal nonetheless imposes a reciprocal agreement on the government with respect to this second appeal.

Again, we reject Bowe's argument and his effort to have us reconsider our earlier decision. Through his breach, Bowe induced the district court to spare him the prison sentence anticipated by his plea agreement, receiving instead a term of probation. As we said in *Bowe I*,

> had the Government breached the plea agreement, Bowe would not have been bound by his waiver. We conclude that this principle must also be applied reciprocally. We hold that where a defendant has materially breached the terms of the plea agreement, the Government is released from its implied reciprocal promise . . . not to appeal the merits of a judgment of conviction or sentence.

*Id.* This second appeal is not insulated from our holding in *Bowe I*. To the contrary, this appeal follows closely from the district court's

effort to apply our mandate in *Bowe I*. Because we had jurisdiction to review Bowe's breach in *Bowe I*, we likewise have jurisdiction now to review the district court's implementation of our mandate.

### III

For its appeal, the government contends that the district court erred in crediting the time that Bowe served on probation against his 18-month sentence of imprisonment. It argues that the Double Jeopardy Clause does not require a court to credit probation against imprisonment because imprisonment and probation are "asymmetrical, non-fungible punishments" and "supervised release is more akin to probation." In its brief, the government did allow that the time served on probation should be credited against the term of supervised release. But in responding to questioning at oral argument, the government defended the position that the Double Jeopardy Clause did not *entitle* Bowe to any credit. It explained its earlier concession that probation should be credited against supervised release by its posture of wanting "to be fair, and to appear fair to the district court, because it was our sense based upon the pleadings and the discussions that the district court would think it ought to be credited." In making its double jeopardy argument, the government maintains that the district court's reliance on *Lominac* and *Layman* (an unpublished opinion relying on *Lominac*) was misplaced because the facts in those cases are distinguishable and the holdings should be limited to their facts.

Bowe, in response, contends that a sentence of probation amounts to punishment within the meaning of the Double Jeopardy Clause and that a failure to give him credit against his imprisonment for the time served on probation would result in the imposition of multiple punishments for the same offense, in violation of the Double Jeopardy Clause. He relies on *North Carolina v. Pearce*, 395 U.S. 711, 718-19 (1969) (noting that any "punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense"), and *Lominac*.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision protects defendants against second prosecutions for the same offense

after either an acquittal or a conviction and against multiple punishments for the same offense. *Pearce*, 395 U.S. at 717. The protection against second prosecutions "prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance." *Tibbs v. Florida*, 457 U.S. 31, 41 (1982). And the protection against multiple punishments ensures "that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." *Jones v. Thomas*, 491 U.S. 376, 381 (1989). As the Court explained in *Jones*, this "interest that the Double Jeopardy Clause seeks to protect . . . is limited to ensuring that the total punishment did not exceed that authorized by the legislature." *Id.* (quotation marks and internal citations omitted).

While the Double Jeopardy Clause thus targets oppressive conduct of government prosecutors in seeking multiple prosecutions or multiple punishments, it has never precluded a second trial for a defendant "who has succeeded in getting his first conviction set aside," *Pearce*, 395 U.S. at 720, or a second more serious punishment imposed on a defendant for his breach of a plea agreement when the first lesser punishment was forfeited by noncompliance with the agreement, *Ricketts v. Adamson*, 483 U.S. 1, 3 (1987). In *Adamson*, the defendant pleaded guilty to second-degree murder and was sentenced to a term of imprisonment pursuant to a plea agreement that required him to testify against other defendants. If the defendant failed so to testify, the agreement provided that his plea and sentence would be vacated and he could thereafter be prosecuted for first-degree murder. When the defendant breached the plea agreement and the State thereafter prosecuted him for first-degree murder, obtaining the death penalty, the defendant claimed protection of the Double Jeopardy Clause to bar the second trial. In rejecting this argument, the Supreme Court held that the Double Jeopardy Clause does not relieve a defendant from the consequences of his own breach. *Id.* at 11; *see also United States v. Scott*, 437 U.S. 82, 99 (1978) (noting that "the Double Jeopardy Clause . . . does not relieve a defendant from the consequences of his voluntary choice").

In this case, the plea agreement provided that Bowe receive a sentence of between 18 and 24 months' imprisonment and that Bowe not seek a downward departure during sentencing. As we concluded in *Bowe I*, Bowe materially breached this agreement, and, as a consequence of his breach, the district court imposed a sentence of probation. We believe that Bowe cannot, under a claim of double jeopardy, now assert that the sentencing court properly reduced his term of imprisonment by the amount of time that he had already served in probation, a lesser type of punishment that he wrongfully obtained by breaching his plea agreement. The Supreme Court's analysis in *Adamson* counsels us to reject such a conclusion. The *Adamson* Court concluded that the defendant chose to breach the plea agreement and "the Double Jeopardy Clause does not relieve him from the consequences of that choice." 483 U.S. at 11. Thus, in this case, had Bowe complied with the plea agreement, he would have received a sentence of imprisonment, and he could not have obtained the sentence of probation.[1] Because of his breach, the government was deprived of its bargain that Bowe serve a sentence of at least 18 months' imprisonment, and Bowe cannot now claim that his breach should be rewarded with the lesser sentence. Such a conclusion would not only reward Bowe unjustly, but would also encourage other artful dodges. Moreover, such a conclusion would deny the government its one fair shot at conviction, obtained in this case through a plea agreement. *See Burks v. United States*, 437 U.S. 1, 16 (1978) (acknowledging that the Double Jeopardy Clause is not to be construed to deprive the government's right on behalf of society to be given "one fair opportunity" to present sufficient evidence to prove its case). The probation that Bowe received by breaching his plea agreement was a lesser type of punishment than his plea agreement required. Such punishment was therefore not "exacted" by the government, and Bowe was therefore not entitled under *Pearce* to credit for that type of punishment. *See Pearce*, 395 U.S. at 718-19.

Accordingly, we conclude that the Double Jeopardy Clause did not entitle Bowe, who had materially breached his plea agreement, to any

---

[1]A sentencing level of 15 would have placed Bowe in Zone D of the Sentencing Table, and "[w]here the applicable guideline range is in Zone C or D of the Sentencing Table . . . the guidelines do not authorize a sentence of probation." U.S.S.G. § 5B1.1, comment. (n.2).

credit at resentencing for the time that he served on probation when that form of punishment would not have been imposed absent his breach. In reaching this conclusion, we note that our holding in *Lominac* is dependent on its factually distinct circumstances.[2]

IV

With Bowe's double jeopardy claim rejected, we note that Bowe has not identified any statutory authority that would have authorized the district court to credit probation time against prison time. The provision of the United States Code usually relied upon in computing credit due only authorizes credit against imprisonment "for any time [the defendant] has spent *in official detention* prior to the date the sentence commences." 18 U.S.C. § 3585(b) (emphasis added); *see also Randall v. Whelan*, 938 F.2d 522 (4th Cir. 1991) (declining to credit against a term of imprisonment any time spent in a community confinement center); *United States v. Insley*, 927 F.2d 185 (4th Cir. 1991) (declining to credit against a term of imprisonment the time spent before appeal under restrictions substantially limiting the defendant's liberty).

In denying Bowe any credit against imprisonment for his probation, we also deny him credit against his period of supervised release. Again, we are aware of no statute that authorizes such credit. To the contrary, Congress has manifested an intent to require full service of supervised release for rehabilitative purposes. *See United States v. Johnson*, 529 U.S. 53 (2000). In *Johnson*, the question was whether the defendant was statutorily entitled to a reduction in the term of his supervised release to compensate him for an extra two and one-half years that he served in prison. Holding that the defendant was not entitled to such credit under 18 U.S.C. § 3624(e), the controlling authority, the Supreme Court pointed out that the statute "does not reduce the length of a supervised release term by reason of excess time served in prison," *id.* at 60, stating that "Congress intended supervised release to assist individuals in their transition to commu-

---

[2]In *Lominac*, we were called upon to remedy an *ex post facto* violation in which a defendant, who had violated the terms of his supervised release, was subsequently resentenced, under retrospectively applied law, to an unconstitutional new period of supervised release.

nity life," *id.* at 59. In accordance with congressional intent, we thus also deny Bowe credit against his period of supervised release.

## V

Because the district court erred in crediting the time that Bowe served on probation against his 18-month term of imprisonment, we vacate the district court's judgment and remand with instructions that the court resentence Bowe within the applicable sentencing range for an offense level of 15 and without granting Bowe any credit for the time served on probation.

*VACATED AND REMANDED FOR RESENTENCING*