**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4700**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTINA M. GRAHAM,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:06-cr-00143-JCC)

———————————

Argued: May 25, 2007                    Decided: July 24, 2007

———————————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ARGUED:** Scott Anthony Surovell, SUROVELL, MARKLE, ISAACS & LEVY, P.C., Fairfax, Virginia, for Appellant. Lana N. Pettus, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christina M. Graham appeals her convictions for driving under the influence of alcohol and failing to obtain a Virginia driver's license within the time required by law. Graham argues that the magistrate judge before whom her case was first tried erred in allowing the government to reopen its case-in-chief in order to correct mistaken testimony regarding the date of Graham's traffic stop and arrest, and that the judge should have instead granted a judgment of acquittal. Graham argues that the new trial that was subsequently awarded to her on these charges did not cure the asserted error in granting the motion to reopen. She also contends that her second trial for driving under the influence of alcohol violated the Double Jeopardy Clause of the Fifth Amendment. We reject these arguments and affirm.

I.

Shortly after 2 a.m. on October 16, 2004, U.S. Park Police Officer Kermit Minnick stopped the car being driven by defendant Christina M. Graham on the George Washington Memorial Parkway, after observing the vehicle traveling at a high speed. The defendant told Officer Minnick she had consumed "a few glasses" of wine. Officer Minnick saw signs of intoxication and performed three field sobriety tests, which produced further evidence of

2

intoxication. Officer Minnick also found that alcohol was present in the defendant's breath in a preliminary breath test.

Officer Minnick arrested the defendant. At the Park Police station, Officer Linda Freedman tested Graham using an instrument to measure breath alcohol content, and produced two readings that showed unlawfully high breath alcohol levels. The defendant was issued four violation notices. She was charged with driving under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(1), which forbids driving while "[u]nder the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation," and with driving while intoxicated, in violation of 36 C.F.R. § 4.23(a)(2), which forbids driving when "[t]he alcohol concentration in the operator's . . . breath is . . . 0.08 grams or more of alcohol per 210 liters of breath." Graham was also issued violation notices for speeding under 36 C.F.R. § 4.21(c) and for failing to obtain a Virginia driver's license after moving to the state under 36 C.F.R. § 4.2 (incorporating Va. Code Ann. § 46.2-308).

The charges were tried before a magistrate judge. The government called both Officer Minnick and Officer Freedman in its case-in-chief. However, instead of asking the officers about events on October 16, 2004 -- the date of the stop -- the government asked the officers about the events of October 26, 2004. Following the government's misleading prompts, the witnesses

3

described the traffic stop and arrest as having occurred on October 26, 2004.

Graham moved for a judgment of acquittal on the grounds that because of the erroneous testimony, the government had failed to present sufficient evidence that Graham committed any offenses on the date listed on the violation notices under which Graham had been charged. The government moved to reopen its case to correct the error, and the trial judge granted the motion. Officer Minnick took the stand again and testified briefly that he had initially thought the offenses occurred on October 16, but concluded he was mistaken based upon the government's questioning, and only later realized he had provided the incorrect date on the stand.

The defendant then presented her case. She did not contest that the traffic stop occurred or that she was the person whom Officer Minnick had stopped. Rather, she argued that the results of the field sobriety and breath analysis tests could have been explained by physical ailments and other causes. The magistrate judge convicted the defendant of driving under the influence of alcohol and of failing to obtain a Virginia license within the period required by law. The court found the defendant not guilty of driving while intoxicated and speeding.

Graham appealed her convictions to the district court. The district court stated that the magistrate judge had not erred in allowing the government to reopen its case, but that "out of an

4

abundance of caution," the defendant's convictions would be reversed and remanded for a new trial to ensure that the defendant had a full and fair opportunity to respond to all of the government's evidence in light of the reopening.

On remand, Graham was convicted before a different magistrate judge of driving under the influence of alcohol and failing to obtain a Virginia license within the time required. After the district court affirmed these convictions, Graham filed this appeal.

## II.

Graham first contends that her convictions must be overturned because the magistrate judge at her first trial should have granted her motion for acquittal after the government first rested its case-in-chief, rather than permitting the government to reopen its case so that Officer Minnick could testify that he had misstated the date of the defendant's traffic stop and arrest. As the defendant acknowledges, a court may permit the government to reopen its case-in-chief to present additional evidence after a defendant moves for a judgment of acquittal, United States v. Gray, 405 F.3d 227, 238 n.5 (4th Cir. 2005), and its decision is reviewed only for abuse of discretion, United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991). We reject Graham's claim because we agree with the district court hearing the appeal of Graham's first convictions

5

that the magistrate judge did not abuse his discretion merely because he permitted the government to reopen its case and correct its error regarding the date of offense.  Moreover, we agree with that district court that any prejudicial effect from the reopening was corrected by granting Graham an entirely new trial on the counts of conviction.

First, we agree with the district court that the magistrate judge's permitting the government to reopen its case was eminently reasonable, such that the only conceivable abuse of discretion could have come if the magistrate judge reopened the case in a manner that somehow deprived Graham of an opportunity to adjust her defense.  In exercising its discretion concerning a motion to reopen, a court

> must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief.  The evidence proffered should be relevant, admissible, technically adequate, and helpful to the jury in ascertaining the guilt or innocence of the accused. The belated receipt of such testimony should not "imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet the additional evidence offered."

United States v. Peay, 972 F.2d 71, 73 (4th Cir. 1992) (quoting United States v. Thetford, 672 F.2d 170, 182 (5th Cir. 1982)). There is no dispute that a number of considerations supported granting the government's motion to reopen.  Graham concedes that the testimony concerning the date of the traffic stop and arrest

6

was "relevant, admissible, technically adequate, and helpful . . . in ascertaining the guilt or innocence of the accused." Id. In addition, the government's motion can hardly be described as untimely, since the government sought to reopen its case only hours after resting and before Graham had presented any evidence of her own.

While Graham contends that the trial court nevertheless abused its discretion because the government failed to present "a reasonable explanation" for its failure to introduce evidence of the correct date of offense in its case-in-chief, id., we cannot agree. The government's attorney told the magistrate judge that the failure to introduce testimony establishing the correct date of offense was due to her own "mistake," because she "misled [her] witnesses by framing the questions with respect to October 26th," rather than October 16th. A prompt account of attorney mistake, akin to a scrivener's error, is not a per se unreasonable explanation for a failure to introduce evidence, which can never be corrected through a prompt motion to reopen. We have previously found, to the contrary, that trial courts were entitled to grant motions to reopen when attorney error gave rise to the need to introduce additional evidence. Gray, 405 F.3d at 238 (holding that after the government "inadvertently rested without putting [a witness] on the witness stand . . . the district court did not

7

abuse its discretion in permitting the Government to reopen its case-in-chief to present this evidence").

Under these circumstances, we agree with the district court that the only possible abuse of discretion in reopening would have come if the magistrate judge granted the government's motion but somehow prejudiced Graham by preventing her from fully meeting the government's evidence. Peay establishes that even if a party's motion to reopen its case is timely, supported by a reasonable explanation, and would lead to the introduction of relevant and helpful testimony, it is error to reopen the evidence if the other party is not provided an opportunity to meet the evidence or adjust its case appropriately in response. 972 F.2d at 73-74. However, Peay also establishes that the appropriate remedy for such an error is a new trial. Id. at 74. That is a remedy the district court already granted the defendant, "out of an abundance of caution," and as a result, even if there was prejudice to the defendant in the manner in which the government's case was initially reopened, the defendant is entitled to no further relief.

### III.

The defendant also argues that she was subjected to unconstitutional double jeopardy when she was retried on the charge of driving under the influence of alcohol. The Double Jeopardy Clause "has never precluded a second trial for a defendant 'who has

8

succeeded in getting his first conviction set aside.'" United States v. Bowe, 309 F.3d 234, 238 (4th Cir. 2002) (quoting North Carolina v. Pearce, 395 U.S. 711, 720 (1969)). The defendant was retried only upon the charges for which her prior convictions had been "set aside" as the result of her initial appeal to the district court. Id. Therefore, as the district court that reviewed the defendant's second set of convictions carefully explained, Graham's retrial did not violate the Fifth Amendment's Double Jeopardy Clause.

IV.

For the foregoing reasons, the judgment below is

AFFIRMED.

9