**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4213**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARYL WENDELL BARLEY, a/k/a Black,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:10-cr-00010-jlk-1)

Submitted:  October 27, 2011     Decided:  November 4, 2011

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Rena G. Berry, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Daryl Wendell Barley pled guilty to one count of distribution of more than fifty grams of cocaine base and one count of possession with intent to distribute cocaine powder, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Barley to concurrent terms of 292 months' imprisonment.

Despite the waiver of the right to appeal included in his plea agreement, Barley seeks to appeal his sentence, arguing that the appeal waiver is not enforceable because the Government breached the plea agreement by seeking a sentence based on a higher drug quantity than the stipulated quantity and that the district court erred by finding that Barley breached the plea agreement. He further argues that the district court erred in determining the drug quantity attributable to him and that the sentence is unreasonable and excessive. The Government contends that Barley's appeal is barred by the appeal waiver.

A defendant may waive the right to appeal pursuant to a valid plea agreement. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

Barley does not challenge the validity of his plea agreement or the appeal waiver. However, he claims that the appeal waiver is not enforceable against him because the Government breached the plea agreement by seeking a sentence based on a higher quantity of drugs than stipulated in the plea agreement. Furthermore, he argues that the district court erred by finding that he had violated the terms of his plea agreement.

This court "will not enforce an otherwise valid appeal waiver against a defendant if the [G]overnment breached the plea agreement containing that waiver." United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006). A criminal defendant asserting the Government breached a plea agreement bears the burden of proving such a breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000).

The plea agreement expressly provided that if Barley failed to comply with part of the agreement, the Government could "refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement." After reviewing the record, we conclude that, prior to sentencing, Barley engaged in criminal conduct, thus violating the terms of the plea agreement. Such a breach released the Government from its obligations under the agreement. United States v. Bowe, 309 F.3d 234, 237 (4th Cir. 2002); United States v. West, 2 F.3d 66,

3

69-70 (4th Cir. 1993). Accordingly, we conclude that the Government did not breach the plea agreement.

Because Barley's claim of the Government's breach fails, all terms of the plea agreement, including the appeal waiver, are enforceable against Barley. Moreover, Barley's claims on appeal fall squarely within the scope of the appeal waiver. Accordingly, we dismiss Barley's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4