# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2025

Lyle W. Cayce
Clerk

No. 24-30184
consolidated with
No. 24-30493

———

United States of America,

*Plaintiff—Appellee*,

*versus*

Peter M. Hoffman,

*Defendant—Appellant*.

———

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:23-CV-5518, 2:14-CR-22-1

———

Before Elrod, *Chief Judge*, and Duncan and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

In these consolidated appeals, Peter Hoffman appeals the denial of his motion to vacate his federal fraud convictions under 28 U.S.C. § 2255 as well as the denial of his motion to terminate his term of supervised release under 18 U.S.C. § 3583(e)(1). We affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

24-30184
c/w No. 24-30493

I

Our court has already twice considered issues arising from Hoffman's criminal convictions in connection with fraudulently obtained film tax credits offered by the State of Louisiana. *See United States v. Hoffman* (*Hoffman I*), 901 F.3d 523 (5th Cir. 2018); *United States v. Hoffman* (*Hoffman II*), 70 F.4th 805 (5th Cir. 2023). In short, a jury found Hoffman guilty on 19 counts of wire fraud, one count of mail fraud, and one conspiracy count, based on allegations he had "submitt[ed] false invoices [to the State] for construction work and film equipment," and "us[ed] 'circular transactions' that made transfers of money between bank accounts look like expenditures related to movie production." *Hoffman II*, 70 F.4th at 807–08 (quoting *Hoffman I*, 901 F.3d at 531).

The first time around, Hoffman appealed his convictions and the Government cross-appealed Hoffman's below-Guidelines probationary sentence as well as the district court's acquittal of Hoffman on five wire-fraud counts. We affirmed Hoffman's convictions; reinstated the five acquitted counts; and vacated Hoffman's sentence as substantively unreasonable. *Hoffman I*, 901 F.3d at 536–50, 552, 555–59.

While awaiting resentencing on remand, Hoffman moved to vacate his convictions based on alleged *Brady* violations. The district court withheld ruling on that motion. It then sentenced Hoffman to concurrent 20-month prison terms for each count, followed by concurrent two-year supervised-release terms. Hoffman appealed this new sentence, and a panel of our court affirmed, albeit without a controlling rationale. *See Hoffman II*, 70 F.4th at 807, 809–14 (per curiam); *id.* at 807, 814–15 (Dennis, J., concurring in part and dissenting in part); *id.* at 807, 815–17 (Richman, J.) (dissenting).

Hoffman then refiled his *Brady* motion as a motion to vacate his convictions under 28 U.S.C. § 2255, arguing he was entitled to an evidentiary

2

hearing and further discovery. The district court denied that motion. Hoffman filed a timely notice of appeal, and, several months later, the district court *sua sponte* issued a certificate of appealability.

Separately, Hoffman moved for termination of his two-year supervised-release terms under 18 U.S.C. § 3583(e)(1). Hoffman contended he had already exhausted the statutory maximum by serving five years of probation under his initial sentence. The district court denied that motion, and Hoffman timely appealed. The two appeals were consolidated.

## II

We review the denial of a § 2255 motion *de novo* and the denial of an evidentiary hearing and discovery for abuse of discretion. *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019). We review the denial of a motion to modify supervised release for abuse of discretion. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

## III

## A

We first consider the denial of Hoffman's § 2255 motion, which was premised on the Government's alleged suppression of *Brady* material. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Hoffman points to various kinds of supposedly withheld evidence. In general, this evidence suggests that the Louisiana Department of Economic Development (LED) may have viewed noncash expenditures and circular transactions as consistent with the state's tax-credit statute. Hoffman claims the Government's failure to disclose this material should entitle him to a new trial or, at least, to additional discovery and an evidentiary hearing. We disagree.

At the outset, Hoffman does not dispute that these *Brady* claims are raised for the first time on collateral review. Accordingly, the claims are procedurally barred unless he can show "cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error." *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994). Because these "cause" and "prejudice" hurdles "parallel the last two elements of the alleged [*Brady*] violation itself," Hoffman must show that the reason he did not previously raise a *Brady* claim "was the state's suppression of the relevant evidence" and, further, that "the suppressed evidence [was] 'material' for *Brady* purposes." *Rocha v. Thaler*, 619 F.3d 387, 394 (5th Cir. 2010) (citing *Strickler v. Greene*, 527 U.S. 263, 282 (1999)). For evidence to be material, there must be a "reasonable probability" that, had it been disclosed, the trial "result . . . would have been different." *Turner v. United States*, 582 U.S. 313, 324 (2017) (quoting *Cone v. Bell*, 556 U.S. 449, 469–70 (2009)).

Even assuming Hoffman could show suppression,[1] he fails to show that any of that evidence was material. For instance, the jury heard ample evidence that noncash expenditures were consistent with state law and that LED had knowingly approved circular transactions before. And several witnesses testified that circular transactions were an acceptable basis for film tax credits. Because the evidence Hoffman claims was suppressed was cumulative of this trial evidence, it is not material. Evidence that is "merely cumulative of other evidence" presented at trial does not create a reasonable probability of a different result. *Spence v. Johnson*, 80 F.3d 989, 995 (5th Cir.

---

[1] That is highly doubtful. For instance, a report Hoffman points to concerning LED's policies did not exist until the time of his 2016 trial, so it is hard to grasp how it could have been "suppressed." Moreover, other evidence concerning LED's views (derived from LED's litigation against different businesses) was already in the public record and was also the subject of a co-defendant's trial testimony and the Government's pretrial disclosures.

1996). In other words, as the district court concluded, Hoffman's contentions on this score were "thoroughly explored at trial."

Furthermore, as we explained in Hoffman's first appeal, "[t]he government did not have to prove violations of state law" to make its fraud case. *Hoffman I*, 901 F.3d at 540; *see also id.* at 553 ("[T]he indictment did not charge [Hoffman] with violating state law."). To the contrary, Hoffman was charged "with making various misrepresentations—lies about the company's expenditures, the creation of purchase invoices, and the purpose of circular transactions." *Id.* at 553. "Using such lies in furtherance of a scheme to defraud violates federal law regardless whether they independently violate state law." *Ibid.* (citing *United States v. Dotson*, 407 F.3d 387, 393 (5th Cir. 2005)); *see also id.* at 545–46 (discussing elements of federal fraud). So, even if Hoffman is right that he should have been able to present even more evidence that he acted consistently with LED policy and state law, he fails to show that it could have had any impact on the verdict finding him guilty of multiple counts of fraud. *See id.* at 542 (discussing "a sampling of the abundant evidence that allowed the jury to conclude that [Hoffman] was part of, indeed the leader of, the fraud conspiracy"); *id.* at 546–50 (discussing evidence supporting Hoffman's fraud convictions).

Accordingly, we find no error in the district court's denial of Hoffman's § 2255 motion.[2]

B

In the consolidated appeal, Hoffman argues the district court erred by not terminating his two-year term of supervised release under § 3583(e)(1). That provision empowers the district court, upon considering various

---

[2] For the same reasons, we find no abuse of discretion in the district court's denying further discovery and an evidentiary hearing.

factors, to terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Ibid.* The court may discharge the defendant only "after the expiration of one year of supervised release." *Ibid.*

In essence, Hoffman argues that his supervised-release term exceeds the statutory maximum of five years. *See* 18 U.S.C. § 3583(b)(1) (setting the "authorized term[] of supervised release . . . for a Class A or Class B felony" at "not more than five years"). Pointing out that he previously served five years of probation after his initial sentence, he calculates that his supervised-release term is actually for seven years, not two. Hoffman is mistaken.

Probation and supervised release are different animals. *See United States v. Perez-Macias*, 335 F.3d 421, 427 n.13 (5th Cir. 2003) ("Probation should be distinguished from supervised release[.]"). "[P]robation is imposed instead of imprisonment, while supervised release is imposed after imprisonment." *Ibid.* (citing U.S. Sentencing Guidelines Manual ch. 7, pt. A (U.S. Sent'g Comm'n 2001)). Hoffman shows no basis for counting his previous years of probation towards the allowable years of supervised release. *See, e.g.*, *United States v. Bowe*, 309 F.3d 234, 240 (4th Cir. 2002) (explaining "we are aware of no statute" authorizing credit "for [a defendant's] probation . . . against his period of supervised release").[3]

---

[3] While unclear from his brief, Hoffman may also raise a double-jeopardy challenge, essentially arguing he has been "double sentenced" through imposition of both probation and supervised release. Even assuming Hoffman raised such a challenge in his § 3583(e)(1) motion, it is an improper collateral attack on his sentence. *See United States v. Peters*, 856 F. App'x 230, 237 (11th Cir. 2021) (explaining that a § 3583(e)(1) motion is an "improper vehicle" for a collateral challenge to a supervised-release term); *Zimmerman v. United States*, No. 07-232-1, 2011 WL 13353396, at *1 n.1 (S.D. Tex. July 1, 2011) (rejecting double-jeopardy challenge as improper collateral attack in modification proceeding).

24-30184
c/w No. 24-30493

Accordingly, the district court did not abuse its discretion in denying Hoffman's motion under § 3583(e)(1).

IV

The district court's judgments are AFFIRMED.