

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# USA v. Blaso

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4551

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Blaso" (2008). *2008 Decisions*. Paper 1687.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1687

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4551
_____

UNITED STATES OF AMERICA

v.

ANTHONY BLASO,

Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 06-cr-00107)
District Judge: Hon. William J. Nealon

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

Before: McKEE, CHAGARES, and HARDIMAN, Circuit Judges.
_____

(Filed: January 29, 2008)


OPINION OF THE COURT


CHAGARES, Circuit Judge.

Anthony Blaso appeals his criminal sentence. He contends that in fashioning his

term of imprisonment, the District Court failed to discharge its statutory obligation to

consider the factors articulated in 18 U.S.C. § 3553(a). Because there is ample record

evidence that the District Court considered the § 3553(a) factors, and imposed a sentence that reflects a reasonable application of those factors, we will affirm the District Court's decision in all respects.

I.

In March 2006, the Kingston, Pennsylvania Police Department teamed with the DEA to investigate cocaine base (crack) sales in Luzerne County. Using a confidential informant, the authorities learned that Blaso had traveled to Lancaster, Pennsylvania several times and had obtained between two and five ounces of crack from a drug wholesaler on each trip. On March 15, 2006, Blaso met with the informant and gave him $5,000.00 to buy five ounces of crack. The informant went to Lancaster, purchased the crack, and then called Blaso. The authorities recorded the call, during which Blaso and the informant agreed to meet to exchange the crack. Blaso arrived at the meeting place and was arrested.

On March 21, 2006, a federal grand jury indicted Blaso on two counts of crack distribution, and two counts of possession with intent to distribute crack. On July 12, 2006, Blaso pled guilty to count one of the indictment and stipulated, pursuant to a plea agreement, that he distributed between 150 and 500 grams of crack. The government agreed that if Blaso demonstrated adequate acceptance of responsibility, it would recommend a three-level reduction in Blaso's offense level, and that if Blaso provided "substantial assistance" in the investigation of others, the government would make a motion for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines. On

2

July 27, 2006, Blaso was released pending sentencing, provided, in part, that he submit to drug testing. These tests came back positive for cocaine on August 1, August 15, and August 22, 2006. On August 24, 2006, the District Court ordered that a warrant be issued for Blaso's arrest for violation of his conditions of release. Blaso was detained on August 30, 2006, and the District Court revoked bail on September 20, 2006.

Following Blaso's plea, a probation officer prepared a Presentence Report (PSR). This report discussed, inter alia, the circumstances surrounding Blaso's crimes, as well as his criminal history and other personal information. The PSR concluded that Blaso had an offense level of 34 and a criminal history category of II, which corresponded to an imprisonment range of 168 to 210 months under the advisory Sentencing Guidelines.

The District Court sentenced Blaso on October 11, 2006. At sentencing, the government moved for a four-level downward departure based on Blaso's cooperation, and the District Court granted that motion. This lowered Blaso's offense level to 30, corresponding to a Guidelines range of 108 to 135 months. The District Court then overruled Blaso's objection to the PSR's recommendation against a reduction in offense level based on acceptance of responsibility, largely because the positive drug tests constituted breaches of his plea agreement and conditions of pretrial release. The government recommended that Blaso receive 116 months incarceration, but the District Court sentenced Blaso to 100 months, below the bottom of his Guidelines range.

This appeal followed.

II.

3

We review the District Court's sentence for reasonableness. United States v. Cooper, 437 F.3d 324, 326 (3d Cir. 2006). This inquiry has two steps, because in the sentencing context, reasonableness has both procedural and substantive components. See, e.g., United States v. Ferguson, 456 F.3d 660, 664 (6th Cir. 2006). First, we must review the record to determine whether the District Court exercised its discretion by considering the relevant factors enumerated in § 3553(a). Cooper, 457 F.3d at 329. A sentence is procedurally unreasonable if the District Court failed to consider the applicable Guideline range or neglected give "meaningful consideration" to the other factors listed in § 3553(a). Id. at 329, 332.

Although there is no bright-line test to determine what depth of analysis qualifies as "meaningful consideration," we have recently articulated certain principles that guide our review in this respect. On the one hand, the District Court "need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Cooper, 437 F.3d at 329 (internal citations omitted). On the other hand, a "rote statement" that the Court has considered the § 3553(a) factors is insufficient if a party raises a meritorious argument and the court does not address it. Id. This is so because "there is no way to review a court's exercise of discretion if it does not articulate the reasons underlying its decision." Id. (quotation marks omitted). In view of these principles, the question is whether "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18

4

U.S.C. § 3553(a)." United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006).

If the record makes clear that the District Court gave meaningful consideration to the § 3553(a) factors, our analysis then proceeds to the substantive aspect of reasonableness: an evaluation of whether the sentence reflects a rational application of those factors. Cooper, 457 F.3d at 329.

### III.

Blaso claims that the District Court "fail[ed] to give adequate consideration to some of the [§ 3553] factors," including specific deterrence, general deterrence, and the provision of just punishment. Blaso Br. at 8 (citing 18 U.S.C. §§ 3553(a)(2)(A), (B), (C)). According to Blaso, his relationship with his parents and his involvement in their business means that he is less likely to commit future crimes, and therefore "a reduced sentence of fewer than 100 months would be just as adequate to address" specific deterrence. Blaso Br. at 9. Blaso ignores, however, that the District Court explicitly examined Blaso's family circumstances and how those related to specific deterrence. In fact, the District Court departed below the applicable Guidelines range precisely because "of the strong support [Blaso] has of his family, which is not always present in cases of this type." JA 48. Since the District Court conditioned its departure at least in part on Blaso's family support, it certainly considered this factor in weighing specific deterrence.

Next, Blaso contends that the District Court did not properly consider § 3553(a)(2)(B) – the need for the sentence to "afford adequate deterrence to criminal conduct." We disagree. In fashioning Blaso's sentence, the District Court discussed the

5

"catastrophic" consequences of crack dealing, and noted that Congress and the Sentencing Commission have identified crack trafficking as a "very very serious []" offense." JA 48. The Court accordingly considered the need for tough sentences to deter others from dealing crack, and Blaso's argument with respect to this factor fails.

Finally, Blaso argues that in determining his sentence , the District Court viewed the Guidelines as "not merely advisory." Blaso Br. at 10. Rather, Blaso claims, the Guidelines "drove the sentence." Id. But this is simply not true, as the District Court weighed the specific circumstances of Blaso's case and imposed a sentence below his Guidelines range – a sentence to which Blaso would not have been entitled if the Guidelines were still mandatory. The bottom of Blaso's Guidelines range was 108 months, and the District Court sentenced him to 100 months. Accordingly, his argument that the District Court treated the Guidelines as "not merely advisory" fails.

The sole remaining issue is the substantive aspect of reasonableness, i.e., whether the sentence imposed by the District Court reflects a reasonable application of the § 3553(a) factors. See Cooper, 437 F.3d at 329. "The question is not . . . what sentence we might have decided to impose on the defendant. We are not sentencing judges. Rather, what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." Id. at 330. Here, the District Court expressed "great sympathy for . . . the Blaso family," and sentenced Blaso below the bottom of his Guidelines range. JA 45. At the same time, the District Court recognized that it had "a responsibility" under § 3553(a) to sentence Blaso

6

pursuant to the statute's purposes. JA 46. The District Court acknowledged that dealing crack is "extremely dangerous," that Congress has recognized it as such, and that substantial prison sentences are the punishment which Congress has devised to deal with the devastation caused by crack selling. JA 45. The District Court is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." Cooper, 437 F.3d at 330. We will not disturb its reasonable conclusions here.

IV.

For the foregoing reasons, we will affirm the decision of the District Court in all respects.