OPINION
McKEE, Circuit Judge.
Anthony Blaso appeals the sentence reduction he received as a result of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Blaso requested a sentence of 80 months, however, the district court imposed a sentence of 87 months. Blaso’s appointed appellate counsel has filed an Anders and requested for leave to withdraw. For the reasons that follow, we will grant counsel’s motion to withdraw and affirm the district court’s judgment of sentence.
I. Facts and Procedural History
Inasmuch as we write only for the parties, it is not necessary to recite at length the facts of this case. It is sufficient to note that Blaso pled guilty to a charge of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, pursuant to a written plea agreement. His Pre-Sentence Investigation Report (“PSR”), calculated Blaso’s base *761 offense level to be 34 and his criminal history category to be II. This resulted in a Guidelines sentencing range of 168 to 210 months.
The district court adopted the PSR without change. The district court also granted the government’s 5K1.1 motion for a downward departure based on substantial assistance. This reduced the applicable Guideline range to 108 to 135 months. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court concluded that both Blaso’s health and his relationship with his family weighed in favor of a sentence that was lower the range suggested by the Guidelines, and sentenced Blaso to a term of imprisonment of 100 months. We affirmed the sentence on direct appeal. See United States v. Blaso, 262 Fed.Appx. 463 (3d Cir.2008) (non-preeedential).
Thereafter, Blaso filed a motion for reduction of sentence based on Amendment 706 to the Guidelines, which retroactively reduced the base offense level for most cocaine base offenses by two levels. Blaso requested a reduced sentence of 80 months. Blaso argued that Amendment 706 reduced his base offense level from 34 to 32. Combining that offense level with a criminal history category of II resulted in an amended advisory Guidelines range of 135 to 168 months. However, Blaso claimed that his the low end of that range should be reduced by 40.5% to reflect the reduction the district court had granted from the Guideline range used to determine his original sentence.[1]
The district court rejected Blaso’s request for a reduction to 80 months, but did reduce the sentence to 87 months, as we noted at the outset. The court arrived at that sentence by lowering his base offense level to 32, and then reducing the offense level by an additional four levels for substantial assistance. This resulted in an amended advisory Guidelines range of 87 to 108 months. Although the district court had originally imposed a sentence below that suggested by the applicable Guidelines range, it declined to do so upon re-sentencing. The court concluded that after “applying the guideline range at a four level reduction ... and considering section 3553 and the need for public safety, a reduced sentence at the low end of the range is appropriate.” (Appellate Counsel’s Br.App. 3.)
Blaso then filed this appeal, and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Third Circuit Local Appellate Rule (“LAR”) 109.2, stating that he is unable to identify any non-frivolous issues for review and asking for leave to withdraw as counsel for Blaso.[2]
In his Anders brief, counsel correctly notes that the only potential issue under these circumstances is whether the district court abused its discretion by reducing Blaso’s sentence to 87 months rather than to 80 months as Blaso requested. Counsel’s Anders brief states that nothing in the record indicates the district court abused its discretion in its decision to impose a reduced sentence of 87 months. In accordance with LAR 109.2, both the government and Blaso were provided with a copy of the Anders brief. The government *762 filed a response brief, but Blaso has chosen not to file a pro se brief.
II. Discussion
Under Anders, appointed appellate counsel can request permission to withdraw as counsel if “after a conscientious examination of the record,” he or she determines that appellant’s case is “wholly frivolous.” 386 U.S. at 744, 87 S.Ct. 1396. The request for leave to withdraw “must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.” Id. This means that “appellant’s counsel must ‘satisfy the court that he or she has thoroughly scoured the record in search of appealable issues’ and then ‘explain why the issues are frivolous.’ ” United States v. Coleman, 575 F.3d 316, 319 (3d Cir.2009) (quoting United States v. Marvin, 211 F.3d 778, 780 (3d Cir.2000)). Pursuant to LAR 109.2, this brief must be furnished to the government and the appellant. The government is to file a response brief, and the appellant may file a pro se response brief. See United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001). If, after reviewing all briefs, “the [appellate] panel agrees that the appeal is without merit, it will grant counsel’s Anders motion and dispose of the appeal without appointing new counsel.” LAR 109.2.
In reviewing counsel’s Anders brief, we must (1) ensure that counsel has complied with the requirements of LAR 109.2 and Anders-, and (2) independently review the record to see whether there are any non-frivolous issues. See Coleman, 575 F.3d at 319.
After reviewing this record, it is clear that counsel has complied with the requirements of LAR 109.2 and Anders. He has provided copies of his Anders brief to Blaso and the government. He also thoroughly reviewed the record to identify any potential issues for appeal and explained why the sole issue was frivolous.
Our independent review of the record leads to the same conclusion. There are no non-frivolous grounds to challenge the district court’s decision to reduce Blaso’s sentence to 87 months as opposed to the requested 80 months. Appellate counsel correctly notes that the only possible grounds for challenging the extent of the reduction of sentence is that the district court abused its discretion by not reducing the sentence by seven more months imprisonment as Blaso requested. However, that would surely be a frivolous claim because the district court did not have to grant any reduction in sentence at all.
The plain language of 18 U.S.C. § 3582(c)(2) and section 1B1.10(b)(1) of the Guidelines both clearly establish that a district court’s decision to grant a reduction in sentence is discretionary. Section 3582(c)(2) states that a court “may” reduce a defendant’s sentence based on an amended Guidelines sentencing range. The Guidelines provide that the district court has discretion to determine “whether, and to what extent” a sentence reduction is warranted. U.S. Sentencing Guidelines Manual § lB1.10(b)(l) (emphasis added); see also United States v. Styer, 573 F.3d 151, 153 (3d Cir.2009) (“The determination as to whether a reduction is warranted ... is committed to the discretion of the district court.”). In determining the extent of any reduction, a district court is required to consider the § 3553(a) factors and public safety considerations. See U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n. 1(B). Here, after explicitly taking into account § 3553(a) factors including public safety, the district court concluded that 87 months was the appropriate sentence. The court’s considered decision, based on legally appropriate factors, was not an abuse of discretion.
*763 III.
Accordingly, we conclude that the district court did not abuse its discretion in reducing Blaso’s sentence from 100 months to 87 months, rather than to 80 months, and that there are no non-frivolous issues presented on appeal, and we will affirm the judgement of sentence and grant counsel’s motion to withdraw.

. In reducing Blaso's original base offense level by four levels for substantial assistance and then imposing a below-Guidelines sentence of 100 months, the district court in effect imposed a sentence that was approximately 40.5% below the lower end of the original Guidelines range.

. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). As noted, we review the district court's decision for an abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009).