# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 09-2945

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Chad Edward Jones, | * |
| | * |
| Defendant - Appellant. | * |

_____

No. 09-3124

_____

Appeals from the United States
District Court for the
Northern District of Iowa.

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Travis Hawkins, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: June 17, 2010
Filed: July 22, 2010

_____

Before LOKEN, BRIGHT, and GRUENDER, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Chad Jones and Travis Hawkins appeal from a district court judgment entered after they pleaded guilty to possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871, and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). Jones also pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

With respect to Jones, the district court[1] varied upward from an advisory guideline range of 120 to 150 months' imprisonment, and imposed a 180-month (15-year) sentence. On appeal, Jones contends the upward variance is unjustified, creates unwarranted sentencing disparity with Hawkins, and is substantively unreasonable.

With respect to Hawkins, the district court calculated a guideline range of 121 to 151 months' imprisonment, and imposed a sentence at the bottom of the range (10 years, 1 month). On appeal, Hawkins argues the district court erred in calculating his advisory guideline range. We affirm.

## I. Background

In July 2008, Hawkins hatched a robbery plan with Jones and Jones's 17-year-old brother, J.J. (collectively the "trio"). The plan consisted of a nighttime robbery of a residence in West Branch, Iowa (the "Residence"), to steal a diamond ring.

The trio took several steps to prepare for the robbery. First, Jones (in Hawkins's presence) sawed off the barrel of a 12 gauge pump-action shotgun to make

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

it easier to handle during the robbery. Second, the trio filed the serial number off the shotgun. Third, the trio added a strap to the shotgun and Jones carved the words "MONEY MAKER" into its side. Fourth, after the trio made all these alterations, each member handled and tested the shotgun.

In the early morning hours of July 19, 2008, J.J. drove the trio to the Residence, dropped off Jones and Hawkins, and parked the vehicle at the previously selected location. J.J. remained in the vehicle as the get-away driver.

Jones and Hawkins entered the Residence using an access code Hawkins had obtained while dating the victims' minor daughter. Jones and Hawkins wore dark clothing, masks, and gloves. Hawkins wore a stuffed brassiere so he would appear to be a woman and mislead the victims and law enforcement into believing the suspects were a man and a woman. Jones carried the shotgun.

The pair entered the victims' master bedroom where they were asleep in bed. Jones loudly and aggressively announced his and Hawkins's presence, pointed the shotgun at the victims and ordered them to remain in bed. The husband jumped from his bed and began wrestling with Jones to gain control of the firearm. Hawkins fled the bedroom and the Residence.

Meanwhile, Jones struck the husband with the shotgun several times in the head and chest, causing him to bleed from his head, face, and body. The wife joined the fray and wrestled the shotgun away from Jones. Jones fled the bedroom and the Residence. Jones and Hawkins ran to the get-away vehicle and J.J. drove them from the scene. As described above, appellants pleaded guilty to a variety of charges.

The district court held separate sentencing proceedings. In a sixteen-page sentencing memorandum, the court determined that Jones's offense level was 27 and that with a criminal history category V, his advisory guideline range was 120 to 150

months' imprisonment. The court then turned to 18 U.S.C. § 3553(a), listed each factor, and explained its view that a guideline sentence was not sufficient. It discussed the nature and circumstances of the offense, Jones's criminal history and personal characteristics, the seriousness of the offense, the need to protect the public from Jones, and his risk of recidivism. The court found that the § 3553(a) considerations warranted a 30-month upward variance, and imposed a 15-year sentence.

As for Hawkins, the court authored a twenty-six-page sentencing memorandum addressing several enhancements to Hawkins's base offense level. The court determined that Hawkins's total offense level was 32. With a criminal history category I, Hawkins's advisory range was 121 to 151 months. The court then addressed the § 3553(a) factors and imposed a 121-month sentence. Finally, the court explained that even if it erred by applying enhancements for use of a minor and obstruction of justice, it would impose a 121-month sentence based on § 3553(a).

## II. Discussion

"[W]e review the imposition of sentences, whether inside or outside the Guidelines range, [under] a deferential abuse-of-discretion standard." *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008) (quotation omitted).

We "must first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural error includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Id.* "In the absence of procedural error below, we 'should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'"

*United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall,* 552 U.S. at 51).

A.    Appellant Chad Jones

Jones challenges his 15-year sentence, raising three arguments: (1) a 30-month upward variance was unwarranted under 18 U.S.C. § 3553(a); (2) his sentence creates an unwarranted disparity with Hawkins's ten-year sentence; and (3) his sentence was greater than necessary to achieve the goals of § 3553(a).

Jones contends that the court abused its discretion by varying upwards solely on his criminal record.[2] But the record does not support Jones's contention. The court did, as Jones suggests, rely on his past criminal conduct. But the court explicitly relied on past unscored criminal history. Under our reasonableness review, which gives due deference to the district court, *see United States v. Barrett*, 552 F.3d 724, 727 (8th Cir. 2009), we cannot say the district court abused its discretion. *See id.* at 727 (holding a court may consider a defendant's criminal history even if that history is included in the defendant's criminal history category). Given the holding in *Barrett*, we cannot say the district court abused its discretion in considering criminal history not accounted for in Jones's criminal history category.

---

[2]Jones also relies on a statement in the presentence report that the probation office had no information which would warrant a departure from the guidelines. But a variance under § 3553(a) may not be the same as a "departure" under a specific guideline provision. *See Irizarry v. United States*, 128 S.Ct. 2198, 2202 (2008) ("'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines."). It is the district court, not the probation office, that possesses sentencing discretion. Although the presentence report is important and ordinarily guides the sentencing judge, here the nature of the crime, which the district court described in detail, and the defendant's criminal background could justify an above-guideline sentence.

And in any event, the district court's sentencing memorandum establishes that the court did not vary upwards solely on the basis of Jones's criminal record. The district court relied on the facts that the robbery was premeditated, that Jones spent a great deal of time altering the firearm and otherwise preparing, and that Jones's offense conduct was violent: he awakened his victims in the middle of the night and threatened them with a sawed-off shotgun.

Jones next contends that in imposing a sentence approximately five years longer than that of Hawkins, the court violated the mandate in 18 U.S.C. § 3553(a)(6), to avoid unwarranted sentencing disparity. But it is not an abuse of discretion to impose a sentence that results in disparity between co-defendants where there are legitimate distinctions between co-defendants. *United States v. Davis-Bey*, 605 F.3d 479, 482-83 (8th Cir. 2010) (citing *United States v. Watson*, 480 F.3d 1175, 1178 (8th Cir. 2007)). Here, the district court relied on legitimate distinctions between the conduct of Jones and Hawkins: Jones carried the shotgun, pointed it at the victims, and used it to assault one of the victims. Accordingly, Jones's longer sentence does not result in an unwarranted disparity as compared to Hawkins.

Finally, Jones argues that his sentence does not comply with the statutory goal of sentencing defendants no longer than is necessary. *See* 18 U.S.C. § 3553(a). We review this challenge to the substantive reasonableness of his sentence for abuse of discretion. *See Feemster*, 572 F.3d at 461. The crime here was heinous and called for a lengthy sentence for Jones, in part because of his criminal history, which suggests that incarceration is necessary to protect the public. Although fifteen years is a harsh penalty, given the manner in which Jones behaved and his criminal record, the district court did not abuse its discretion in imposing a 15-year sentence.[3]

---

[3]We note that Jones's 15-year sentence, for a home robbery in which he brandished a shotgun, threatened the victims, and assaulted one of the victims with the shotgun, is far less than many sentences imposed on non-violent drug offenders. For example, a defendant responsible for 150 grams of crack cocaine (offense level 32)

B.      Appellant Travis Hawkins

Hawkins raises four challenges to his sentence, arguing the district court erred in (1) imposing an enhancement for obstruction of justice under U.S.S.G. § 3C1.1; (2) denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E.1.1; (3) imposing a 2-level enhancement for use of a minor under U.S.S.G. § 3B1.4; and (4) applying the cross reference in U.S.S.G. § 2X1.1.

1.      Obstruction of Justice

The sentencing guidelines provide for a two-level enhancement "if the district court finds by a preponderance of the evidence that 'the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction.'" *United States v. Molina*, 172 F.3d 1048, 1058 (8th Cir. 1999) (quoting U.S.S.G. § 3C1.1). Additionally, the obstructive conduct must relate to the defendant's offense of conviction and any relevant conduct, or a closely-related offense. U.S.S.G. § 3C1.1. For example, the enhancement may apply to a defendant who unlawfully influences a witness or suborns, or attempts to suborn, perjury. U.S.S.G. § 3C1.1, cmt. (n. 4(a) & 4(b)).

"We review the sentencing court's factual findings regarding obstruction of justice and acceptance of responsibility for clear error. We extend great deference to the sentencing court's decision to grant an enhancement for obstruction of justice

---

with a criminal history score I (Jones's score was V), faces an advisory sentence equal to that of Jones: 121-151 months' imprisonment. *See* U.S.S.G. § 2D1.1(c)(4) & Ch. 5, Pt. A (2009). And a defendant responsible for 35 grams of crack cocaine with a criminal history score equal to Jones, faces an advisory range higher than Jones: 130-162 months' imprisonment. *See id.* § 2D1.1(c)(6) & Ch. 5, Pt. A.

. . . ." *United States v. Calderon-Avila*, 322 F.3d 505, 507 (8th Cir. 2003) (citations omitted).

The district court imposed the obstruction enhancement for two independent reasons. First, the court found that during the investigation, Hawkins told law enforcement he attended a party the night of the robbery and lied to law enforcement about the time he left the party. Hawkins complains that such a statement could not be material to the investigation. However, the court also found that Hawkins gave his brother, who testified before the grand jury, false information about when he left the party. On these facts, the court concluded that Hawkins attempted to influence his brother into misrepresenting Hawkins's whereabouts during the robbery. The court found this conduct material to the offense of conviction because it provided Hawkins an alibi. The court viewed Hawkins's conduct as attempting to unlawfully influence a witness and attempting to suborn perjury. *See* U.S.S.G. § 3C1.1, cmt. (n. 4(a) & 4(b)). Hawkins does not specifically challenge this reason for the enhancement. Upon review of the record, we conclude the district court did not clearly err.[4]

2.      Acceptance of Responsibility

A sentencing court should decrease an offense level by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. "Whether the defendant accepted responsibility is a factual question that depends largely on credibility assessments made by the sentencing court. This Court gives great deference to the district court's denial of a request for a reduction for acceptance of responsibility and reviews the decision for clear error." *United States v. Long Soldier*, 431 F.3d 1120, 1122-23 (8th Cir. 2005) (citations omitted). A defendant bears the burden of demonstrating entitlement to a reduction

---

[4]Consequently, we need not address Hawkins's challenge to the second reason for imposing the enhancement provided by the court: Hawkins's statements to law enforcement that Jones and J.J. were responsible for the robbery.

for acceptance of responsibility. *Peters v. United States*, 464 F.3d 811, 812 (8th Cir. 2006). Where a defendant has obstructed justice, it is the extraordinary case where a defendant may receive an adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, cmt. (n.4).

The district court found that Hawkins had not met his burden to prove he accepted responsibility. The court recognized that Hawkins pleaded guilty but noted that Hawkins presented no evidence that he assisted the criminal investigation and did not admit his obstructive conduct, but rather maintained that he did not engage in any obstructive conduct. The court thus found that Hawkins did not present the extraordinary case in which a defendant may qualify for a reduction for acceptance of responsibility while at the same time being subject to an enhancement for obstruction of justice. *See* U.S.S.G. § 3E1.1, cmt. (n.4). The court also found a second independent reason to deny Hawkins the adjustment: in his plea agreement he stipulated to the upward adjustment for use of a minor but then at sentencing argued that the enhancement should not apply.

Hawkins contends that because the court erred giving the obstruction of justice enhancement, that enhancement cannot support denial of a reduction for acceptance of responsibility. But as previously explained, the court did not so err. Generally, conduct resulting in an enhancement for obstruction of justice indicates that the defendant has not accepted responsibility for his criminal conduct. *United States v. Waldner*, 580 F.3d 699, 708 (8th Cir. 2009). We agree with the district court that Hawkins's circumstances do not present an "extraordinary case," *see* U.S.S.G. § 3E1.1, cmt. (n.4), warranting a reduction for acceptance of responsibility while at the same time warranting an enhancement for obstruction of justice.[5]

_____

[5]Hawkins also contends that the district court erroneously relied on dicta in *United States v. Blaso*, 262 F. App'x. 463 (3d. Cir. 2008), to reason that breaching a plea agreement supports denying a reduction for acceptance of responsibility. We agree inasmuch as *Blaso* did not address whether challenging a sentencing

### 3. Use of a Minor

A sentencing court should increase a defendant's offense level by two levels if the defendant "used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." U.S.S.G. § 3B1.4. The commentary states that "used or attempted to use" includes directing, commanding, encouraging, intimidating, recruiting or soliciting. *Id.* § 3B1.4, cmt. (n.1). A defendant must "affirmatively involve or incorporate the minor into the commission of the offense." *United States v. Mentzos*, 462 F.3d 830, 841 (8th Cir. 2006).

We review de novo the district court's application of § 3B1.4, and its findings of fact for clear error. *United States v. Paine*, 407 F.3d 958, 963 (8th Cir. 2005) (affirming application of U.S.S.G. § 3B1.4 against a father who asked his son to accompany him on a robbery).

Here, the probation office determined the use-of-a-minor enhancement should not apply. But the district court disagreed. The court found that grand jury testimony established that Hawkins hatched the robbery plan, and actively recruited a minor who was not an "equal partner" in the offense.

Hawkins contends that the use-of-a-minor enhancement is not warranted under the presentence report's recitation of facts. However, the district court did not rely on

___

enhancement stipulated to in a plea agreement provides sufficient reason for denying an acceptance of responsibility reduction. *See Blaso*, 262 F. App'x at 465-66 (addressing whether the district court gave section 3553(a) adequate consideration; the need to deter criminal conduct; and substantive reasonableness). But we need not examine this issue further because at most, any error only rebuts one of the independent reasons given by the district court for denying the downward adjustment.

the facts in the presentence report, but rather on its own factual findings. Hawkins has not established that these findings are clearly erroneous.

Next, Hawkins asks this court to follow the Sixth Circuit's decision in *United States v. Butler*, 207 F.3d 839 (6th Cir. 2000), in which two judges on the panel held that the use-of-a-minor enhancement does not apply to defendants who committed their crimes when less than twenty-one years old (Hawkins was twenty years old when he committed this crime). *Id.* at 849. But in *United States v. Ramirez*, 376 F.3d 785, 788 (8th Cir. 2004), this court expressly disagreed with *Butler*. *See also United States v. Kravchuk*, 335 F.3d 1147, 1158-59 (10th Cir. 2003) (disagreeing with *Butler*); *United States v. Ramsey*, 237 F.3d 853, 855-858 (7th Cir. 2001) (same); *United States v. Murphy*, 254 F.3d 511, 512-13 (4th Cir. 2001) (same). Because our court has already disagreed with *Butler*, Hawkins's argument fails under the prior panel rule. *See United States v. Lovelace*, 565 F.3d 1080, 1085 (8th Cir. 2009) ("This panel is bound by Eighth Circuit precedent, and cannot overrule an earlier decision by another panel.").

4.      Cross-reference in 2K2.1(c)

Generally, U.S.S.G. § 2K2.1 applies to defendants convicted of firearms charges. That guideline establishes a base offense level of 18. But where a defendant "used or possessed a firearm . . . in connection with the commission or attempted commission of another offense," § 2K2.1(c), directs sentencing courts to apply U.S.S.G. § 2X1.1 if the resulting offense level is greater than the offense level under § 2K2.1. Here, the district court determined that Hawkins used a firearm in connection with robbery. The base offense level for robbery is 20. U.S.S.G. § 2B3.1. Thus the district court concluded that under § 2X1.1, Hawkins's base offense level should be 20 instead of 18. Hawkins challenges the application of this "cross-over" provision of the guidelines by relying on the dissent in *United States v. Smith*, 997 F.2d 396, 398 (8th Cir. 1993) (Bright, J., dissenting). This judge stands by his view

-11-

expressed in *Smith*, but this dissenting view is not the law and the district court did not err in this respect.  *See Lovelace*, 565 F.3d at 1085.

In light of Hawkins's youth and lack of an extensive criminal history, Hawkins's sentence may be considered quite harsh.  However, he initiated the plan to steal the diamond ring, and made possible entry into the victims' home by misuse of a security access code he acquired while dating the victims' minor daughter.  At sentencing, the wife explained the impact of this crime on her family:  sleepless weeks, taking additional mortgages to purchase extensive home security equipment, and living with "bells and whistles going off all the time."  Thus the nature of the crime and its effect on the victims justifies strong punishment.

### III.  Conclusion

The judgment of the district court is affirmed.

_____