# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-2213

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lucas Robinson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: December 20, 2013
Filed: January 24, 2014
[Unpublished]

——————————

Before MURPHY, BYE, and SMITH, Circuit Judges.

——————————

PER CURIAM.

Lucas Robinson appeals his sentence of 504 months following his guilty plea to one count of sexual exploitation of a minor, one count of possession of child pornography, and one count of extortion. While the advisory guidelines range for Robinson's offense was life imprisonment, the statutory maximum sentences for the three charges to which he pleaded guilty were collectively forty-two years (thirty

years for the sexual exploitation charge, ten years for the child pornography charge, and two years for the extortion charge), effectively making Robinson's advisory guidelines range 504 months. See United States Sentencing Guidelines Manual (U.S.S.G.) § 5G1.2. The district court[1] thus stayed within the guidelines by imposing a sentence of 504 months.

On appeal, Robinson argues his sentence is substantively unreasonable. Reviewing for an abuse of discretion, United States v. Jones, 612 F.3d 1040, 1044 (8th Cir. 2010), we find none. Our review of the record indicates the district court properly considered the 18 U.S.C. § 3553(a) factors and chose to impose a within-guidelines sentence, which we conclude is presumptively reasonable. See United States v. Never Misses a Shot, 715 F.3d 1048, 1054 (8th Cir. 2013). In addition, the district court considered Robinson's requests for a downward departure and for a variance, recognized it had the authority to depart or vary, but simply declined to do so. Robinson fails to identify anything in particular to indicate the district court abused its discretion in refusing his requests for a downward departure or variance. Finally, Robinson asserts the district court should not have afforded deference to the pornography Guidelines. The argument that a district court errs by refusing to disregard the pornography Guidelines on empirical grounds is not properly before us. See, e.g., United States v. Muhlenbruch, 682 F.3d 1096, 1102 (8th Cir. 2012). Our review is "'limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined' in accordance with the guidelines." United States v. Pappas, 715 F.3d 225, 229 (8th Cir. 2013) (quoting United States v. Shuler, 598 F.3d 444, 448 (8th Cir. 2010)).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Linda R. Reade, Chief, Judge, United States District Court for the Northern District of Iowa.