# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1736

_____

United States of America

*Plaintiff - Appellee*

v.

Ashley Tufte

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 29, 2016
Filed: March 8, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ashley Tufte was sentenced to six months' incarceration and fined $1,000 for committing perjury. On appeal, Tufte argues that the district court[1] committed

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

procedural error in deciding Tufte had the ability to pay a fine and that her six-month term of imprisonment and $1,000 fine were substantively unreasonable. We affirm.

Tufte committed perjury while testifying before a federal grand jury in the Northern District of Iowa. Tufte lied about material information regarding the sale of drugs by her then-boyfriend, Nels Nelson. More specifically, as provided in Tufte's Presentence Investigation Report (PSR), Tufte had the following exchange with a prosecutor before the grand jury:

> Q: During this time at 1740, this four years that you lived there, were you aware of Mr. Nelson selling?
> A: No. I was not.
> Q: Did you ever become aware of Mr. Nelson selling?
> A: No. I did not.

In truth, Tufte knew that Nelson sold marijuana during the periods in question.

On January 9, 2015, Tufte pleaded guilty to perjury under 18 U.S.C. § 1623(a). Tufte's PSR recommended an adjusted offense level of 12, a Guidelines range of 10 to 16 months, and a fine range of $3,000 to $30,000. The district court then granted the government's motion for a two-level downward departure pursuant to U.S.S.G. § 5K1.1. Thus, the district court determined Tufte should be sentenced based on a total adjusted offense level of 10, an imprisonment range of 6 to 12 months, and a fine range of $2,000 to $20,000. The district court sentenced Tufte to six months and fined her $1,000.

Our first task is to "ensure that the district court committed no significant procedural error." United States v. Boneshirt, 662 F.3d 509, 517 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)); see also United States v. Jones, 612 F.3d 1040, 1044 (8th Cir. 2010) (discussing what constitutes procedural error at sentencing). No procedural error occurred here. The

-2-

court gave a sufficient explanation for imposing a fine: "[Tufte] has not satisfied me that she does not have the ability to pay a fine, but after considering the statutory factors and the guideline factors, I decided to go below the advisory guideline fine." As indicated in Tufte's PSR, Tufte had a positive total net worth of $12,344.94 and her monthly income exceeded her monthly expenses by $89.53. Tufte's counsel argued that Tufte had additional expenses due to the birth of a second child and was unable to pay a fine. Even so, based on the facts presented, we cannot conclude the court erred in imposing a fine. See United States v. Harper, 787 F.3d 910, 915 (8th Cir. 2015) ("[T]he relevant Guideline provides the 'court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.'" (quoting U.S.S.G. § 5E1.2(a)).

If there is no procedural error, our court "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Jones, 612 F.3d at 1044–45 (quoting Feemster, 572 F.3d at 461); see also Feemster, 572 F.3d at 461 (discussing the circumstances when a sentencing court commits an abuse of discretion). Neither Tufte's sentence nor fine were substantively unreasonable. Tufte's sentence was below the initial advisory Guidelines range and at the bottom of the range as determined after the court granted the § 5K1.1 departure.[2] Although Tufte argues the court should have weighed the § 3553(a) factors differently, the weight given to those factors is within the court's discretion, and we find the court properly weighed the factors. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). The court also varied downward in imposing a fine, and the amount imposed was not unreasonable.

For the foregoing reasons, we affirm the judgment of the district court.

---

[2] To the extent Tufte makes the argument that the downward departure should have been greater, we do not have authority to review that matter. See United States v. Deering, 762 F.3d 783, 786 (8th Cir. 2014).